UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **VERONICA ATILANO,** | ) |
| Plaintiff, | ) Case No. EDCV13-1324 AJW |
| v. | ) MEMORANDUM OF DECISION |
| **CAROLYN W. COLVIN,** Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts. [See JS 2]. Plaintiff filed an application for benefits on May 29, 2009, alleging that she had been disabled since October 1, 1995. [JS 2; Administrative Record ("AR") 20, 22]. In a December 2, 2011 written hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge (the "ALJ") found that plaintiff had severe impairments consisting of bilateral hearing loss, obesity, and depression, but that she retained the residual functional capacity ("RFC") to perform alternative jobs available in significant numbers in the national

1  economy. Accordingly, the ALJ concluded that plaintiff was not disabled at any time through the date of
2  his decision. [AR 31-32].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Credibility finding**

Plaintiff's sole contention is that the ALJ improperly assessed plaintiff's subjective symptom testimony.

Plaintiff was represented by counsel during the administrative hearing in November 2011 and testified on her own behalf. [AR 81-101]. Plaintiff testified as follows. She last worked in 1999 as a merchandise packer. She left that job because of her hearing and because she "didn't understand." [AR 81-82]. She lived with her husband and two children, ages 15 and 16. She had a driver's license and drove, but sometimes had problems driving due to arthritis in her hands. [AR 82]. Plaintiff did not take any medication. She smoked cigarettes about once a month. She did not see a doctor because she "did not have the funds." [AR 83]. She had a hearing aid, an "amplifier," in the past, but it broke, and she did not have the money to replace it. Asked by the ALJ about a note from Arrowhead Regional Medical Center stating that plaintiff was to be referred to a program to obtain a hearing aid, plaintiff said that she "didn't qualify" due to her husband's earnings. [AR 88-89]. Plaintiff had last seen her primary care physician two years earlier. [AR 89].

Plaintiff's routine daily activities included caring for her personal needs, cooking for her children, cleaning the house "as best I can," sleeping, attending church, and interacting with her children. [AR 89-91]. When she woke up in the morning, plaintiff had to "focus" because she could not hear and it was frustrating. She also felt stiff due to joint pain, mainly in her arms, hands, and knees. [AR 89-90, 91-92]. She had difficulty gripping in a twisting motion, holding tiny objects, and reaching overhead. [AR 92-93]. She had both aches and sharp pains in her knees, which felt like "they're always getting squished" and like "they're going to crack." [AR 93]. Her "whole body aches." [AR 94].

Asked by her attorney if she recalled being hospitalized at the end of the prior year and if she tried to kill herself, plaintiff said yes, and that she "always" felt that way. [AR 94]. She was referred to "Mesa Clinic" but did not "qualify. " The clinic nonetheless prescribed medication, which plaintiff took until she ran out of it. [AR 94-95]. She felt that she wanted to hurt herself again "every day" but had not attempted to do so because she thought about her children. [AR 95].

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of his or her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885; see Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (enumerating factors that bear on the credibility of subjective complaints); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (same). If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ concluded that there were "significant gaps" in plaintiff's treatment history and that she had not received the type of treatment one would expect for a totally disabled individual. [AR 26]. The ALJ noted that plaintiff alleged inability to afford hearing aids and other medical treatment but concluded that plaintiff's testimony in that respect also was not credible. [AR 26].

An "unexplained, or inadequately explained, failure to seek treatment" can "cast doubt on the sincerity of" a claimant's subjective complaints. Fair, 885 F.2d at 603; see Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (explaining that a claimant's failure to seek treatment, or follow prescribed treatment, may support an adverse credibility finding). However, "benefits may not be denied to a disabled claimant because of a failure to obtain treatment that the claimant cannot afford." Warre v. Comm'r of the Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2005). The ALJ concluded that plaintiff's testimony that she could not afford treatment was not credible, but some of the reasons the ALJ articulated to support that conclusion were not specific, clear, and convincing.

The ALJ noted that plaintiff was "referred to the Medi-Cal hearing aid program to obtain a hearing aid." [AR 26]. That is an inaccurate characterization of the record. Plaintiff underwent an audiologic evaluation in March 2009 at Arrowhead Regional Medical Center. [AR 287]. The evaluation report notes that plaintiff wore a "mail-order type" hearing aid but complained of discomfort and "no real benefit." [AR 292]. The impression was bilateral mixed hearing loss. Plaintiff's current hearing aid was "ineffective for [amount] of [hearing] loss & communication needs." [AR 287]. An ear, nose, and throat consultation was recommended regarding the feasibility of medical treatment. The report requests that if medical treatment "is not indicated, please provide clearance for fitting of appropriate amplification thru Medi-Cal program." [AR 287]. There is no indication that the requested "clearance" was ever received, nor is it clear that plaintiff was a Medi-Cal beneficiary and otherwise was qualified to receive a hearing aid even with the requested "clearance."

The ALJ also drew a negative inference from a perceived conflict between plaintiff's testimony that she not qualify for the hearing aid program in or around March 2009 due to her husband's resources and the fact that she applied for SSI benefits. In other words, the ALJ inferred that plaintiff's SSI application in May 2009 undermined the credibility of her testimony that her husband had sufficient resources during the same time period to disqualify her from the Medi-Cal hearing aid program. The record simply does not

permit an informed assessment of the reasonableness of that inference. There is no evidence regarding plaintiff's husband's resources or how those resources factor into plaintiff's financial eligibility for SSI or for Medi-Cal in or around March 2009.

An ALJ's reliance on erroneous reasons in making an adverse credibility determination is harmless "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion . . . ." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (internal quotation marks, ellipsis, and alteration omitted). The relevant inquiry "is not whether the ALJ would have made a different decision absent any error," but "whether the ALJ's decision remains legally valid, despite such error." Carmickle, 533 F.3d at 1162.

The ALJ's decision remains legally valid despite her error because she articulated additional specific, clear, and convincing reasons for rejecting the alleged severity of plaintiff's subjective complaints. The ALJ permissibly noted that plaintiff "did not seek no-cost treatment alternatives, such as treatment at a public health clinic." [AR 26]. See Williams v. Colvin, 2014 WL 4437284, at *3 (C.D. Cal. Sep. 9, 2014) (holding that the ALJ properly relied, in part, on the claimant's failure to obtain no-cost or low-cost treatment options, such as treatment at a public health clinic). The ALJ also relied, in part, on her own observations of plaintiff's demeanor during the hearing. Specifically, she noted that plaintiff sometimes said that she could not hear what was being said during the hearing "even when [the ALJ] spoke in a very loud voice," and at other times during the hearing demonstrated no difficulty hearing. See Tonapetyan, 242 F.3d at 1148 (explaining that while an ALJ may not rely on her own observations of the claimant at the hearing "as the sole reason for rejecting the claimant's complaints," the ALJ may use "ordinary techniques of credibility evaluation," including her observations of the claimant's demeanor, to evaluate the credibility of a claimant's subjective allegations); see also Cotton v. Astrue, 374 Fed. Appx. 769, 771 (9th Cir. 2010) (holding that the ALJ's own observations indicating that "the claimant exaggerated the extent of her hearing loss" were a specific, convincing reason for discrediting the claimant's testimony). The ALJ further found that plaintiff had a "sporadic" work history even before the alleged disability onset date. See Thomas, 278 F.3d at 958-959 (holding that the ALJ properly considered the claimant's "extremely poor work history" in discrediting her testimony).

Finally, the ALJ permissibly relied in part on the opinions of two consultative examiners. Dr. Gupta, the internal medicine examiner, concluded that plaintiff could perform a reduced range of light work and needed to avoid operating a motor vehicle or heavy machinery secondary to hearing loss. [AR 26-27, 304]. The ALJ gave Dr. Gupta's opinion "significant weight" but gave plaintiff a somewhat more restrictive RFC based on her evaluation of the record as a whole. Dr. Jeffries, the consultative audiologist, opined that plaintiff had a mixed conductive and sensorineural hearing loss that precluded her from holding jobs requiring "acute hearing." [AR 260]. A second consultative audiologic examiner, Dr. Goral, diagnosed a moderate to severe low frequency mixed hearing loss and, like Dr. Jeffries, opined that plaintiff cannot work in jobs requiring acute hearing. [AR 365]. The ALJ incorporated into her RFC finding a preclusion against jobs requiring acute hearing. [AR 24].

Plaintiff does not contend that the ALJ erred in evaluating those medical opinions, which further support the ALJ's finding that plaintiff's subjective complaints were not fully credible. See Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (holding that the ALJ permissibly discredited the claimant's subjective complaints based in part on a treating doctor's opinion that the claimant could return to "light duty work"); Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (holding that the ALJ properly rejected the claimant's pain testimony based, in part, on an examining physician's opinion that the claimant was not disabled); Light, 119 F.3d at 792 (stating that the ALJ may consider information from physicians regarding the nature and effect of a claimant's symptoms).

For the foregoing reasons, the ALJ's errors did "not negate the validity of [her] ultimate credibility conclusion" and therefore were harmless. Carmickle, 533 F.3d at 1162.

### Conclusion

The Commissioner's decision is supported by substantial evidence and is free of reversible legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

September 16, 2014



_____
ANDREW J. WISTRICH
United States Magistrate Judge